**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| JOSEPH SCOTT,<br><br>    Petitioner,<br><br> v.<br><br>WARDEN DAVID ORTIZ,<br><br>    Respondent. | Civil Action<br>No. 19-13693 (RMB)<br><br>**OPINION** |

**BUMB**, United States District Judge.

  Joseph Scott, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

**I. BACKGROUND**

  Following a jury trial, Petitioner was sentenced in the United States District Court for the District of Delaware on January 31, 2000 to a custodial term of 360 months for conspiracy to distribute cocaine and crack cocaine and distribution of crack cocaine, 21 U.S.C. §§ 846, 841(a)(1). (ECF No. 1 at 6; <u>United States v. Scott</u>, No. 1:99-cr-00033 (D. Del. Jan. 31, 2000) (ECF No. 133)).[1] The

---

[1] The Court takes judicial notice of these public records.

trial court sentenced Petitioner as a career offender under U.S.S.G. 4B1.1 due to two prior Delaware state convictions: a 1995 drug conviction and a 1997 second-degree assault conviction. (ECF No. 1 at 6). The United States Court of Appeals for the Third Circuit affirmed the convictions but remanded for resentencing on the length of Petitioner's supervised release. United States v. Scott, No. 00-5180 (3d Cir. May 13, 2004).

In May 2002, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 raising ineffective assistance of counsel claims in the sentencing court. Scott, No. 1:99-cr-00033 (D. Del. May 9, 2002) (ECF No. 193). The court partially denied the motion on January 15, 2003. United States v. Scott, 243 F. Supp. 2d 97 (D. Del. 2003). After an evidentiary hearing, Petitioner was permitted to file a petition for writ of certiorari as a remedy for his final claim of ineffective assistance of counsel. Scott, No. 1:99-cr-00033 (D. Del. June 24, 2003) (ECF No. 239-1).

On April 20, 2016, Petitioner applied to the Third Circuit for permission to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b). In re: Joseph Scott, No. 16-1947 (3d Cir. filed Apr. 20, 2016). The application argued that he did not qualify as a career offender after the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF No. 1 at 6). The Third Circuit granted the application and transferred the

petition to the District of Delaware. Scott, No. 16-1947 (3d Cir. Oct. 11, 2017). The District of Delaware dismissed the § 2255 motion as time barred. (ECF No. 1 at 6). See also Scott v. United States, No. 99-33, 2019 WL 1772397, at *1 (D. Del. Apr. 23, 2019). Petitioner subsequently filed this petition under 28 U.S.C. § 2241 on June 12, 2019.

Petitioner raises four grounds for relief: (1) "[w]hether a sentence above the statutory maximum implicates the related separation-of-power principle qualifies as a fundamental sentencing defect redressable under the Saving Clause"; (2) "[w]hether the District abused its authority, inherent or otherwise, to impose a 360 month sentence . . . to run concurrent in the absence of legislative authorization . . . and the imposition of a sentence that exceeds the applicable statutory maximum for a crime is an unauthorized sentence"; (3) "[w]hether Scoot [sic] met his burden of showing that his assault conviction is not a 'crime of violence' under the modified categorical approach, where the record and the plea does not clarify what statute he plead to"; (4) "[w]hether a misapplication of the formerly mandatory career provisions is a fundamental sentencing defect justifying successive collateral relief under the savings clause, where the alleged error alter[ed] the statutory sentencing range for the underlying drug crime"; (5) "[w]hether his 360 month sentence exceeded the statutory maximum for his conviction for 21

3

U.S.C. § 841(b)(1)(C) constitutes a miscarriage of justice." (ECF No. 1 at 4-5).

This matter is now ripe for disposition.

**II. STANDARD OF REVIEW**

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721–22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

4

## III. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).

By his own admission, Petitioner sought and received permission from the Third Circuit to file this motion as a second or successive § 2255 motion in the District of Delaware. The Delaware district court considered the petition and dismissed it

5

as time barred.[2] "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, <u>the one-year statute of limitations has expired</u>, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." <u>Id.</u> at 539 (emphasis added). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u> at 538 (citation omitted); <u>see also</u> <u>Okereke</u>, 307 F.3d at 120-21. The fact that Petitioner was denied the requested relief by the sentencing court does not make § 2255 ineffective or inadequate. Accordingly, the Court lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the

---

[2] The sentencing guidelines were mandatory at the time Petitioner was sentenced as a career offender. In <u>Beckles v. United States</u>, the Supreme Court held that the advisory guidelines cannot be challenged as constitutionally vague, unlike the language of the Armed Career Criminal Act that was held to be unconstitutionally vague in <u>Johnson</u>. 137 S. Ct. 886, 890 (2017). Subsequently, the Third Circuit determined that because "no Supreme Court case has recognized [the right to bring a successful vagueness challenge to the mandatory Guidelines' residual clause, Petitioner] cannot rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period." <u>United States v. Green</u>, 898 F.3d 315, 321 (3d Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 1590 (2019). The District of Delaware relied on <u>Beckles</u> and <u>Green</u> in dismissing the § 2255 as time barred. <u>Scott</u>, No. 99-33, 2019 WL 1772397, at *3-4.

interests of justice to transfer this motion as Petitioner has already pursued a second or successive § 2255 motion on the grounds raised. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Third Circuit's permission to file on his own should he so choose.

## IV. CONCLUSION

For the reasons stated above, the petition is dismissed for lack of jurisdiction. An accompanying Order will be entered.

Dated: **August 14, 2019**

                                      s/ RENÉE MARIE BUMB
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**